PER CURIAM.
The instant appeal is one of several which have reached this court that concern various aspects of an action for a declaratory decree instituted by Airlift International, Inc., against James H. Price, Voyle C. Johnson, and others to determine ownership of 1,704,274 shares of Airlift common stock. It concerns a third party action brought by appellee, Voyle C. Johnson, against appellant, Rodney Price.
Appellee purchased 100,000 shares of Airlift common stock from a broker, appellant’s father. The broker later conveyed ten stock certificates representing 100,000 shares of Airlift common stock to appellant. By his third party complaint appellee sought to have those ten stock certificates declared to be his property. The judgment appealed from, in effect, granted him the relief sought.
 A broker is not required to deliver specific stock certificates to a purchaser in the absence of an agreement to the contrary. See 12 Am.Jur.2d, Brokers, §§ 134, 142. (Appellee’s purchase occurred before the Uniform Commercial Code went into effect in Florida. A similar purchase made after January 1, 1967, would be governed by the provisions of § 678.8-107, Fla.Stat., F.S.A.) The record does not show that appellee and the broker agreed that the broker would deliver the ten stock certificates in controversy to appellee. And since the record shows the broker is *212 able to deliver 100,000 shares of Airlift common stock to appellee, appellee has no present claim against appellant. '
For the foregoing reasons we reverse the judgment appealed from and remand the cause to the trial court with directions that the court amend that judgment by striking from it all provisions which grant appellee relief against appellant or his assigns.
Reversed and remanded with directions.